1  Victoria L. Weatherford (SBN 267499)
   vweatherford@bakerlaw.com
2  BAKER & HOSTETLER LLP
   Transamerica Pyramid
3  600 Montgomery Street, Suite 3100
   San Francisco, CA 94111
4  Telephone:    415-659-2600
   Facsimile:    415-659-2601
5
   Jason A. Orr (SBN 301764)
6  jorr@bakerlaw.com
   BAKER & HOSTETLER LLP
7  1900 Avenue of the Stars, Suite 2700
   Los Angeles, CA 90067
8  Telephone:    303-861-0600
   Facsimile:    303-861-7805
9
   *Attorneys for Defendant*
10 NEWSMAX MEDIA, INC.

11                    **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13

| STACY EDMON PENNING, on behalf of himself and all others similarly situated, | Case No. 3:26-cv-1059 |
|---|---|
| Plaintiff, | [Contra Costa County Case No. C25-03688] |
| vs. | **NEWSMAX MEDIA'S NOTICE OF REMOVAL** |
| NEWSMAX MEDIA, INC., | *[Filed concurrently with Notice of Party with Financial Interest; Corporate Disclosure Statement]* |
| Defendant. | Complaint Filed:   12/16/2025<br>Complaint Served:  1/6/2026<br>Action Removed:    2/3/2026 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, Defendant Newsmax Media, Inc. ("Defendant" or "Newsmax"), hereby removes the above-captioned action filed by Plaintiff Stacy Edmon Penning ("Plaintiff"), individually and on behalf of all others similarly situated, from the Superior Court of California, Contra Costa County, Case No. C25-03688, to the United States District Court for the Northern District of California. The grounds for removal follow.

## I. JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 1332 and 1441. Removal is proper under 28 U.S.C. § 1331 because a federal cause of action appears on the face of the plaintiff's complaint and under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d) because this is a civil action that satisfies the requirements stated.

2. This Court is in the judicial district in the place where the state court case was brought and pending. Specifically, the United States District Court for the Northern District of California embraces Contra Costa County. 28 U.S.C. § 84(a); N.D. Cal. L.R. 3-2(d). Thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## II. BACKGROUND AND TIMELINESS OF REMOVAL

3. On December 16, 2025, Plaintiff, on behalf of himself and, purportedly, on behalf of all others similarly situated, filed a Class Action Complaint ("Complaint") against Defendant in the Superior Court of California, County of Contra Costa, captioned *Penning v. Newsmax Media, Inc.*, Case No. C25-03688 ("State Court Action"). Plaintiff filed his Complaint as a putative class action.

4. On January 6, 2026, Plaintiff served Newsmax with copies of the Summons and Complaint in the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**. True and correct copies of all other process, pleadings, and orders that have been served on or by Defendant in the State Court Action are collectively attached hereto as **Exhibit B**.

6. No other pleadings or documents have been filed in the State Court Action.

7. Plaintiff's Complaint asserts seven causes of action: (1) violation of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511; (2) breach of contract; (3) violation of the California Invasion of Privacy Act (CIPA), Cal. Pen. Code § 631; (4) intrusion into private matters under California common law; (5) invasion of privacy under the California Constitution, (6) intentional misrepresentation; and (7) unjust enrichment. [*See generally* Compl.]

8. Plaintiff brings this lawsuit on behalf of himself and two putative classes:

(1) a "Nationwide Class," which includes "[a]ll persons residing in the United States who used the Website after clicking the button to 'Use necessary cookies only' on the Website's Cookies Consent Banner," and (2) a "California Subclass," which includes "[a]ll persons residing in the United States who used the Website after clicking the button to 'Use necessary cookies only' on the Website's Cookies Consent Banner." [Compl. ¶ 102.]

9. Plaintiff brings all claims on behalf of the California Subclass. [*See id.* ¶¶ 112–191.] In addition, plaintiff brings his claims for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, breach of contract; and unjust enrichment on behalf of both the Nationwide Subclass and the California Subclass. [*See id.*]

10. This removal is timely because Newsmax filed this removal on or before 30 days after being served with the Complaint. See 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service).

### III.     REMOVAL AUTHORITY

#### A.     Federal Question Jurisdiction Under 28 U.S.C. § 1331.

11. This Court has original jurisdiction over all actions in which a federal cause of action appears on the face of the plaintiff's complaint. *Id.* § 1331; *see Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021).

12. Removal is proper because the Complaint includes claims arising under the laws of the United States. Specifically, the Complaint asserts a single count for alleged violation of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511.

#### B.     Jurisdiction Under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

13. <u>Basis of Original Jurisdiction.</u> This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). Section 1332(d) grants federal courts original jurisdiction when (1) the case is pleaded as a class action; (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than one hundred (100), *id.* § 1332(d)(5)(B); (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A)[1]; and (4) "the matter

---

[1] By removing the State Court Action to this Court pursuant to 28 U.S.C. § 1332(d), Defendant does not

1  in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs," *id*. §
2  1332(d)(2); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("CAFA's
3  provisions should be read broadly.") (citation and quotations omitted).

4      14.    As set forth below, pursuant to 28 U.S.C. §§ 1332(d) and 1441(a), Newsmax may remove
5  the State Court Action to this Court under CAFA because: (A) this action is pleaded as a class action;
6  (B) the putative class includes more than 100 class members; (C) at least one member of the putative
7  class is a citizen of a state different from that of Defendant; and (D) the amount in controversy, in the
8  aggregate, exceeds the sum or value of $5,000,000, exclusive of interests and costs.

          **1.**    **This Case is Pleaded as a Class Action.**

10      15.    CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal
11  Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be
12  brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13      16.    Plaintiff brings this action as a "class action" and seeks to represent two classes pursuant
14  to California Civil Procedure Code Section 382. [Compl. ¶ 102 (seeking to represent a "Nationwide
15  Class" of "[a]ll persons residing in the United States who used the Website after clicking the button to
16  'Use necessary cookies only' on the Website's Cookies Consent Banner" and a "California Subclass"
17  defined similarly).] This court has concluded that Section 382 is a "class action" as defined under CAFA.
18  *See Pac. Coast Fed'n of Fishermen's Associations, Inc. v. Chevron Corp.*, No. 18-CV-07477-VC, 2023
19  WL 7299195, at *2 (N.D. Cal. Nov. 1, 2023) (finding that Section 382 is "a state-law equivalent to Rule
20  23"). Accordingly, the first CAFA element is satisfied.

          **2.**    **The Class Consists of More Than 100 Members.**

22      17.    Plaintiff brings this lawsuit on behalf of himself and two putative classes of people:
23  (1) a "Nationwide Class," which includes "[a]ll persons residing in the United States who used the
24  Website after clicking the button to 'Use necessary cookies only' on the Website's Cookies Consent
25  Banner," and (2) a "California Subclass," which includes "[a]ll persons residing in the United States

---

waive any rights or defenses, including, but not limited to, any argument that this matter is improper for class certification and may be compelled to arbitration under any applicable arbitration provision.

who used the Website after clicking the button to 'Use necessary cookies only' on the Website's Cookies Consent Banner." [Compl. ¶ 102.]

18. Plaintiff alleges that "[t]he Classes consist of at least hundreds of individuals from across the state of California and the United States." [*Id.* ¶ 106.]

19. In addition, Newsmax's website is visited over ten-million times monthly and more than 1,000 individuals in California have clicked "decline" on the cookie banner on Newsmax's website.

20. Accordingly, the Putative Class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

### 3.     Minimal Diversity of Citizenship Exists.

21. Pursuant to 28 U.S.C. § 1332(d)(A), the "district court shall have original jurisdiction" over a "class in which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant."

22. <u>Plaintiff's and Putative Class Members' Citizenship.</u> For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

23. Here, Plaintiff alleges to be "a resident of El Cerrito, California." [Compl. ¶ 12.] Accordingly, absent any evidence to the contrary, Plaintiff is a citizen of California for purposes of CAFA jurisdiction. Plaintiff also seeks to represent a nationwide class of "[a]ll persons residing in the United States who used the Website after clicking the button to 'Use necessary cookies only' on the Website's Cookies Consent Banner." [*Id.* at ¶ 102.].

24. <u>Defendant's Citizenship.</u> Defendant is a Florida corporation with a principal place of business in Boca Raton, Florida. [Compl. ¶ 11.] Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77,

92–93 (2010).

25. At the time Plaintiff filed the State Court Action, Defendant was, and as of the date of the filing of this Notice of Removal, still is, a corporation formed in and incorporated under the laws of the State of Florida. Pursuant to the *Hertz* nerve center test, Defendant's corporate activities are predominantly directed, controlled, and coordinated from its corporate headquarters in the State of Florida. Thus, for purposes of CAFA jurisdiction, Defendant is a citizen of Florida.

26. <u>Minimal Diversity Exists.</u> Defendant satisfies the minimal diversity of citizenship required by CAFA because Plaintiff is a citizen of the State of California, whereas Defendant is a citizen of the State of Florida. *See* 28 U.S.C. § 1332(d)(2)(A). The Putative Class members' citizenship, as well as the citizenship of the Doe defendants, is immaterial for purposes of establishing minimal diversity since Plaintiff is diverse from Defendant. *See id.* Moreover, Newsmax operates its website as a national news service, so class members are likely distributed across the United States and not concentrated in any one state.

### 4.   The Amount in Controversy Exceeds $5,000,000.[2]

27. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2); *see also Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839–40 (9th Cir. 2002). For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

28. On behalf of himself and the Putative Class, Plaintiff seeks statutory and compensatory damages, pre- and post-judgement interest, equitable relief, and reasonable attorneys' fees and costs. [*See* Compl. at pp. 51–52 (Prayer for Relief).]

29. Without conceding that Plaintiff or the Putative Class members are entitled to or could

---

[2] This Notice of Removal does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiff or any members of Plaintiff's Putative Class. The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice of Removal. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

recover damages in the amount or manner alleged (including but not limited to their separate CIPA claims), or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000, exclusive of interest and costs.

30. <u>CIPA Claim.</u> In his California Invasion of Privacy Act (CIPA), Cal. Pen. Code § 631, cause of action, Plaintiff alleges Defendant violated CIPA by using "AdTech Trackers and . . . cookies," after clicking the "Use necessary cookies only" button on Defendant's webpage, which Plaintiff contends constitutes "aid[ing], agree[ing] with, employ[ing], and/or conspir[ing] with the AdTech Companies to read or attempt to read or to learn or attempt to learn the contents and meaning of Plaintiffs and the Class members' communications with Defendant while the same was in transit or passing over any wire, line, or cable, or was being sent from, or received at a place within the State of California" without consent [Compl. ¶ 144.]

31. Because of Defendant's purported conduct, Plaintiff alleges that he and the Putative Class members are entitled, in part, to statutory damages under California Penal Code § 637.2. [*Id.* ¶ 151.]

32. California Penal Code § 637.2 provides for the greater of statutory damages of $5,000 per violation, or three times the amount of actual damages sustained.

33. Because there are more than 1,000 putative class members under the proposed class definition, and because plaintiff seeks at least $5,000 in statutory damages for each class member ($5,000 * 1,001 = $5,005,000), the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2) is satisfied.

34. <u>Attorneys' Fees and other Alleged Damages.</u> When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Plaintiff has sought attorneys' fees under the ECPA. [Compl. ¶ 122.] Because Defendant has established that the $5,000,000 CAFA threshold is met, Defendant does not assign in this Notice of Removal any amount to Plaintiff's request for attorneys' fees. The same is true for Plaintiff's request for statutory damages under the ECPA, actual damages, and punitive damages. Should there be any doubt as to whether Defendant has demonstrated that the amount in controversy under the CIPA claims examined above

exceeds $5,000,000, however, Plaintiff's requests for attorneys' fees, statutory damages, actual damages and punitive damages should be included in analyzing the amount in controversy.

## IV.   NOTICE

35.    As required by 28 U.S.C. § 1446(d), Newsmax is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Court for the Superior Court of California, Contra Costa County.

**WHEREFORE**, Defendant Newsmax removes this civil action to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453.

Respectfully submitted,

DATED: February 3, 2026

By: /s/  **Victoria L. Weatherford**
VICTORIA L. WEATHERFORD
JASON A. ORR
BAKER & HOSTETLER LLP
*Attorneys for Defendant Newsmax Media, Inc.*
E-mail:   vweatherford@bakerlaw.com

# CERTIFICATE OF SERVICE

I, Jerry Shaw, declare:

I am employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Transamerica Pyramid 600 Montgomery Street, Suite 3100, San Francisco, CA 94111. On February 3, 2026, I served a copy of the within document:

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

**CIVIL CASE COVER SHEET**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth in the attached Service List.

☒ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth in the attached Service List on this date and the transmission was reported as complete and without error.

Joseph Henry (Hank) Bates, III
hbates@cbplaw.com
Samuel R. Jackson
sjackson@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, Arkansas 72202

*Attorneys for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

///

///

1    Executed on February 3, 2026.

                                                   */s/ Jerry Shaw*
                                                   Jerry Shaw